## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **ROBERT ROBERTS**, | ) | |
| 8521 W. 80th St. | ) | |
| Overland Park, KS  66204 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 09-CV-2165 KHV/JPO |
| | ) | |
| **DEFFENBAUGH INDUSTRIES, INC.** | ) | With Jury Demand |
| (Serve registered agent: | ) | |
| Registered Agent Kansas, Ltd. | ) | |
| 10851 Mastin Blvd., Ste. 1000 | ) | |
| Overland Park, Kansas 66210 | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

For his causes of action against Defendant Deffenbaugh Industries, Inc., Plaintiff

Robert Roberts hereby alleges the following:

## PARTIES

1.      Plaintiff is an individual residing in Overland Park, Kansas.

2.      Defendant is a corporation, organized and existing under the laws of

Missouri and is licensed in Kansas as a foreign corporation, and has offices in Shawnee,

Johnson County, Kansas.

3.      Plaintiff was employed with Defendant at its location in Shawnee, Kansas

from June 20, 1990 to August 4, 2008 as a welder and forklift operator.

## JURISDICTION & VENUE

4.      This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29

U.S.C. §§ 201, et seq. and the Family Medical Leave Act, 29 U.S.C. §§ 2601, et seq.

This case arises under federal laws and, therefore, jurisdiction arises under 28 U.S.C. § 1331.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT

5.      Plaintiff hereby incorporates those allegations contained in paragraph 1 through 4, supra into Count I of his Complaint.

6.      Plaintiff was employed with Defendant during the time frame of June 20, 1990 to August 4, 2008.  During this time frame, Plaintiff was improperly treated as an exempt employee for purposes of overtime laws and FLSA, even though he did not fit any category of any recognized exemption under the FLSA or its accompanying regulations.

7.      During the time frame at issue, Plaintiff was required to work overtime through his employment, but was never paid for any work over 40 hours a week. Plaintiff was regularly worked over 40 hours per week and worked weekends on occasion, resulting in 50 plus hour work weeks, without being paid overtime.

8.      Plaintiff worked in excess of 40 hours per week, with the knowledge of and at the direction of Defendant, without being allowed to receive overtime pay, even though Defendant required Plaintiff to work this overtime.

9.      Defendant's conduct was willful and not in good faith, entitling Plaintiff to liquidated damages.

10.      Plaintiff suffered lost wages and overtime pay at time and one-half Plaintiff's regular wages.

WHEREFORE, Plaintiff prays for judgment against Defendant for compensatory damages, including past and future wages and benefits and such other equitable and appropriate relief, liquidated damages, all costs, expenses and attorneys' fees incurred herein, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

## COUNT II
## VIOLATIONS OF FAMILY AND MEDICAL LEAVE ACT

11.     Plaintiff hereby incorporates those allegations contained in paragraphs 1 through 10, supra into Count II of his Complaint.

12.     Defendant is engaged in commerce and employs fifty or more employees for each working day during twenty or more calendar work weeks at the work site where Plaintiff was employed, within the meaning of the Family and Medical Leave Act, 29 U.S.C. §§ 2601, et seq. and its accompanying regulations.

13.     Plaintiff had been employed with Defendant for at least 1,250 hours of service for the twelve month period preceding Plaintiff's need for leave under the Family and Medical Leave Act (FMLA).

14.     Beginning in December 2003, Plaintiff suffered from a serious health condition within the meaning of FMLA, and its accompanying regulations, in that Plaintiff was diagnosed with spinal arthritis.

15.     Defendant was aware of Plaintiff's serious health condition and his need for leave as a result of one or more such serious health conditions, on the occasions at issue.

16.     Defendant interfered with and restrained Plaintiff's exercise of rights provided under the FMLA and discriminated against Plaintiff as a result of the exercise of FMLA rights, by engaging in the following actions, without limitation:

a.     Defendant failed to restore Plaintiff to his job position that he occupied before his FMLA leave;

b.     Defendant failed to restore Plaintiff to his employment, thereby firing him.

17.     As a direct result of Defendant's violations of the FMLA, Plaintiff has suffered damages, including the loss of past and future wages and benefits, medical expenses, attorneys' fees, expert witness fees and costs.  Further, Plaintiff is entitled to double damages under FMLA.

WHEREFORE, under Count II, Plaintiff requests reinstatement and other equitable relief, past and future wages and benefits, compensatory and double damages as provided by the FMLA, interest at the highest lawful rate, attorneys' fees, expert witness fees and costs, and such further relief as the Court finds just and proper.

## REQUEST FOR JURY TRIAL

Plaintiff hereby requests a trial by jury on all counts.

## DESIGNATION FOR PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas as the place of trial.

Respectfully submitted,

ANDERSON LAW GROUP

By   /s/ Denise M. Anderson
       Denise M. Anderson     KS #14473
       4741 Central, Suite 213
       Kansas City, Missouri 64112
       Phone: (913) 205-9440
       Facsimile: (913) 548-0947
       deniseanderson@andersonemploymentlaw.com

 ATTORNEYS FOR PLAINTIFF